UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GERALDO LUIS RODRÍGUEZ-RAMOS,

    Defendant.

Criminal No. 94-70 (JAF)

**OPINION AND ORDER**

Defendant Geraldo Luis Rodríguez-Ramos ("Rodríguez-Ramos") moves us to modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 599 of the United States Sentencing Guidelines. (Docket No. 68.) For the following reasons, we deny his motion.

**I.**

**Background**

Rodríguez-Ramos was charged with carjacking and with using a firearm in conjunction with a crime of violence, in violation of 18 U.S.C. §§ 2119 and 924(c). U.S. v. Rodríguez-Ramos, 51 F.3d 264 (1st Cir. 1995). On May 26, 1994, Rodríguez-Ramos pleaded guilty to Counts One and Two of the indictment. We held a sentencing hearing on September 9, 1994. We imposed imprisonment for a term of three-hundred sixty (360) months for Count One and a term of sixty (60) months for Count Two, to be served consecutively. (Docket Nos. 50, 51, 55.) On September 12, 1994, Rodríguez-Ramos

filed a notice of appeal. (Docket No. 52.) He argued that the Double Jeopardy Clause barred cumulative punishments for carjacking and for using a firearm in conjunction with a crime of violence. On March 31, 1995, the First Circuit affirmed his sentence. Rodríguez-Ramos, 51 F.3d 264. On May 14, 2014, Rodríguez-Ramos filed the instant motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 599 of the United States Sentencing Guidelines. (Docket No. 68.)

## II.

## Analysis

Rodríguez-Ramos argues that,

> In accordance with Amendment 599 [of the United States Sentencing Guidelines Manual as of November 1, 2000], a sentencing Court cannot enhance a defendant's base offense level by double counting the Offense Conduct for use of a firearm, when the Sentencing Court imposes a consecutive sentence pursuant to 18 U.S.C. § 924(c).

(Docket No. 68 at 2) (sic). He argues that we impermissibly both (1) sentenced him for violating § 924 (c), and also (2) included his use of a firearm as relevant conduct to enhance the underlying offense of carjacking. (Docket No. 68 at 3.) He relies on Amendment 599, which is retroactive pursuant to §1B1.10(c). (Docket No. 68 at 3.) Rodríguez-Ramos also points to United States v. Hickey, 280 F. 3d 65 (1st Cir. 2002).

Amendment 599 of the Sentencing Guidelines altered U.S.S.G. § 2K2.4. Its purpose "broadly stated, is to eliminate duplicative sentences for essentially the same offense." United States v. Hickey, 280 F.3d 65, 66 (2002). The comments to the amendment state that "If a sentence under this guideline is imposed in conjunction with a

sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. § 2K2.4, comment n.2.

Rodríguez-Ramos argues that Amendment 599 now prohibits us from considering the facts of the victim's shooting for application of the United States Sentencing Guidelines § 2B3.1(b)(4), which would affect his base offense level. (Docket No. 68 at 4.) He argues that, otherwise, according to Amendment 599, the sentences must run concurrently. (Docket No. 68 at 4.) Although he relies on the Hickey case, that does not aid him, because that case affirmed the sentence for an appellant who was penalized once for the use of a firearm due to his §924(c) violation and once under the career offender guideline for armed robbery. Hickey, 280 F.3d at 66.

Rodríguez-Ramos alleges that at the original sentencing hearing, we "used the same offense conduct that constituted the use of a firearm for the Defendant's § 924(c) conviction." (Docket No. 68 at 3.) This is incorrect. According to the Presentence Report, for Count One, we began with a base offense level of twenty (20), pursuant to U.S.S.G. § 2B3.1 regarding 18 U.S.C. § 2119 offenses involving robbery. However, U.S.S.G. §2B3.1(c) instructs that if the victim is killed under those circumstances, that would constitute murder under 18 U.S.C. § 1111, and the applicable guideline is U.S.S.G. § 2A1.1, First-Degree Murder, which ascribes a base offense level of forty-three (43). We then adjusted this down three levels for acceptance of responsibility, leaving a total offense level of forty (40). (Docket No. 41 at 5-6.) We precluded Count Two from the application of the Sentencing Guidelines because 18 U.S.C. § 924(c) mandates a fixed

term of imprisonment of sixty (60) months to be served consecutively to any other imprisonment term imposed. (Docket No. 41 at 5.)

We understand the confusion on the part of Rodríguez-Ramos. Although the gun was the instrument used to commit the murder, the cross-reference punishes the murder itself. It does not punish "possession, brandishing, use, or discharge" of the gun as a special offense characteristic of the robbery. See U.S.S.G. § 2K2.4, comment n.2. This is why the use of the cross-reference does not implicate Amendment 599.

### III.

### Conclusion

For the foregoing reasons, we hereby **DENY** Rodríguez-Ramos' motion for modification of his sentence.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of June, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE